IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-229-BO-BM

| | |
|---|---|
| PAMELA MCCORD, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    **O R D E R** |
| | ) |
| ALERE TOXICOLOGY SERVICES, INC., | ) |
| *et al.*, | ) |
|     Defendants. | ) |

This cause comes before the Court on plaintiff's motion for relief from final order and judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Defendants have responded in opposition, and the motion is ripe for disposition.

Plaintiff's complaint was dismissed pursuant to Rule 41(b) for failure to prosecute on April 30, 2024. [DE 15; DE 16]. The dismissal was with prejudice. *Id.* Under Rule 60(b), a court may grant relief from a final judgment or order due to "(1) mistake, inadvertence, surprise, or excusable neglect". Fed. R. Civ. P. 60(b)(1). A motion under Rule 60(b) must be filed within a reasonable time, which cannot exceed one year following the judgment or order from which the party seeks relief if the party moves under Rules 60(b)(1)-(3). Fed. R. Civ. P. 60(c).

Plaintiff, proceeding through new counsel, seeks relief from the final judgment based upon the actions, and inactions, of her prior counsel. The instant motion was filed within one year of entry of the Court's judgment, and the Court deems it timely filed. In the context of a default judgment, the Fourth Circuit has held that "[a] blameless party [should] not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). While plaintiff's motion challenges

the dismissal for failure to prosecute and not default judgment, plaintiff's motion demonstrates such neglect on behalf of prior counsel. While "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (internal quotations and citation omitted), the actions of plaintiff's prior counsel go beyond mere mistakes in construing the rules. Rather, he told plaintiff that he would remedy his not being admitted in this district or refile the case and then entirely failed to do so, to the detriment of plaintiff. Moreover, prior counsel failed to inform plaintiff about the order to show cause why this case should not be dismissed, preventing plaintiff from an opportunity to appear and oppose dismissal for failure to prosecute. [DE 20-1]. Finally, the Court finds plaintiff has acted with reasonable promptness once the dismissal of this action was discovered, and there is no history of dilatory action on the part of the plaintiff personally.

Whether to grant relief from judgment under Rule 60(b)(1) is within the Court's discretion. *Thompson,* 76 F.3d 534; *CNF Constructors v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995). In these circumstances, the Court finds that amendment of the judgment to dismissal without prejudice rather than with prejudice is appropriate.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion [DE 19] is GRANTED. The judgment entered in this action shall be AMENDED to reflect dismissal of this case WITHOUT prejudice. The motion to withdraw as attorney [DE 23] is GRANTED.

SO ORDERED, this 25 day of March 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE